UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ADAM BRENT WALLACE** | : | **DOCKET NO. 18-cv-0018**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 22] filed by defendant Mary Thomas pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff Adam B. Wallace, who is proceeding pro se in this matter, opposes the motion and Thomas has filed a reply. Docs. 24, 28. Accordingly, the matter is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss be **DENIED**, without prejudice to any party seeking relief on this basis through a Motion for Summary Judgment.

**I.**
**BACKGROUND**

This suit arises from alleged delays in Wallace's medical care while he was an inmate in the custody of the Bureau of Prisons, during his incarceration at the Federal Correctional Institution at Oakdale. Doc. 5. Specifically, he alleges that he received delays in care due to the errors and negligence of defendants Mary Thomas and Joe Alexander. *Id.* He seeks relief through a suit filed

in this court under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971),[1] against Alexander and Thomas and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, against the United States government. Thomas and the government have both made appearances, but it does not appear that service has yet been effected on Alexander. Thomas now brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that the *Bivens* claims must be dismissed because Wallace failed to exhaust his administrative remedies and this court thus lacks subject matter jurisdiction over the suit. Doc. 22.

## II.
### LAW & ANALYSIS

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). In this motion Thomas challenges the court's jurisdiction by alleging that Wallace has not complied with the pre-suit requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner may not bring a suit with respect to jail conditions without exhausting available administrative remedies. 42 U.S.C. § 1997e(a). This requirement is mandatory and extends to *Bivens* suits based on prison conditions. *Jones v. Bock*, 127 S.Ct. 910, 918–19 (2007); *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017).

As the Sixth Circuit has long recognized, however, and the Middle District of Louisiana recently held, failure to exhaust under the PLRA is not a jurisdictional defect. *Owens v. Keeling*, 461 F.3d 763, 768 (6th Cir. 2006); *Burns v. East Baton Rouge Parish Prison*, 2015 WL 2163946, at *3–*4 (M.D. La. May 7, 2015). The Supreme Court cautions that "a rule should not be referred

---

[1] Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.")

to as jurisdictional unless it governs a court's adjudicatory capacity . . . . Other rules, even if important and mandatory . . . should not be given the jurisdictional brand." *Henderson v. Shinseki*, 131 S.Ct. 1197, 1202–03 (2011) (citations omitted). "A statutory condition that requires a party to take some action before filing a lawsuit is not automatically a *jurisdictional* prerequisite to suit." *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1246 (2010) (emphasis in original) (internal quotations omitted).

As noted above, the PLRA provides that a prisoner may not file a suit with respect to prison conditions without first exhausting available administrative remedies. 42 U.S.C. § 1997e(a). Despite the mandatory language of the PLRA's rule, "[e]xhaustion is typically a defense, not a jurisdictional limitation" and is treated as an affirmative defense under *Jones*, supra. *Burns*, 2015 WL 2163946 at *4; *see also Day v. McDonough*, 126 S.Ct. 1675, 1681 (2006) (describing failure to exhaust as a nonjurisdictional defense to habeas corpus review). Because a finding that Wallace failed to exhaust administrative remedies for his *Bivens* claims would not result in a determination that the court lacked subject matter jurisdiction over these claims, this motion is not properly brought under Rule 12(b)(1).

A challenge to a party's failure to exhaust administrative remedies may be raised on a motion to dismiss under Rule 12(b)(6), but **must** be asserted through a motion for summary judgment when a party relies on evidence outside of the pleadings. *Dillon v. Rogers*, 596 F.3d 260, 270–71 (5th Cir. 2010). A court may generally convert a 12(b)(6) motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). Courts may also excuse mislabeling of a 12(b) motion to dismiss and resolve the motion under the appropriate rule. *See, e.g.*, *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2017) (construing Rule 12(b)(1) motion as one filed under Rule 12(b)(6)). The Fifth Circuit holds, however, that a "Rule 12(b)(1)

motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment." *Maria v. United States ex re. Army Corps of Engineers*, 2010 WL 2009968, at *2 (E.D. La. May 17, 2010) (quoting *Green v. Forney Eng'g Co.*, 589 F.2d 243, 246 (5th Cir. 1979)).

In this matter Thomas relies on a declaration from a BOP employee. *See* doc. 22, att. 2. Accordingly, her challenge relies on evidence outside of the pleadings and must be brought through a motion for summary judgment rather than a 12(b)(6) motion to dismiss. Because this motion was originally brought under Rule 12(b)(1), we decline to convert it (even through Rule 12(b)(6)) into a motion for summary judgment. Thomas's motion to dismiss for lack of subject matter jurisdiction must be denied, without prejudice to any party's right to seek dismissal on this basis under the appropriate motion.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 3] be **DENIED**, without prejudice to any party seeking relief on this basis through a Motion for Summary Judgment.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 26th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE